# EXHIBIT B

**Nesbitt, Amica**

**From:** Calia, Kurt <kcalia@cov.com>
**Sent:** Thursday, April 16, 2026 5:31 PM
**To:** McClure Roberts, Shannon
**Cc:** Pontikes, Rachael; Eastgate, Gavin; Nesbitt, Amica; NovoCOMP
**Subject:** RE: Novo v. Link
**Attachments:** Protective Order_04.16.2026_proposed final.docx

Shannon

As promised, I am following up on the Protective Order. I have attached a proposed final for your consideration. We have swapped in the provisions of Section 9 from the ND Texas model to displace what we had proposed in para. 8.c. in our last draft. We did make some non-substantive edits to adapt it to the existing draft Protective Order. We also made one substantive addition – specifically, we have added to the list of information about a proposed expert a requirement that the expert disclose his or her prior expert engagements/consulting for the proceeding 4 years (tracking the disclosure requirement of FRCP 26(a)(2)(v)). While this information might be captured on an expert's CV, we wished to include it for avoidance of doubt, and it is information that would be required of any expert under the Federal Rules in any event.

In addition, you will note that we have retained para. 9 on non-disclosure to competitors. While the provisions of new 8.c. are important, we believe it is important that the parties commit to refrain from disclosures of designated material to competitors, as defined, and that the experts acknowledge as much. To address the one concern you previously raised about this provision (re: trade associations), we removed that language, and we thus would not expect section 9 to be objectionable on the assumption that neither party has any intention to share information from discovery with the producing party's competitors.

Finally, we have not retained the language in the definition of "Party" that would permit sharing information with a party's parent company. As you know from our prior communications, we believe OpenLoop should properly be a party to this case (and will pursue the appropriate recourse to join them). Accordingly, there should be no need for the language related to a parent company of a Party.

Please let us know if you have any further comments or proposed edits. And, of course, if it would be helpful to have a call to review this, please let me know as we wish to bring this to final resolution.

Thanks,
Kurt