# EXHIBIT C

**Nesbitt, Amica**

---

**From:** Calia, Kurt <kcalia@cov.com>
**Sent:** Thursday, April 30, 2026 3:29 PM
**To:** McClure Roberts, Shannon; Frodle, Amee
**Cc:** Pontikes, Rachael; Leon Carter; Linda Stahl; Nesbitt, Amica; NovoCOMP
**Subject:** RE: Novo v. Link: Novo's Responses and Objections to Defendant's First Set of Discovery Requests
**Attachments:** Protective Order 04.30.2026_Cov final edits.docx

Shannon

On the Protective Order, I have attached the version to which Novo Nordisk will agree. Please note the following:

1. As to the definition of "Expert," we do not understand why you eliminated the "or of a Party's competitor" language which has always been a part of the draft. Indeed, in the most recent set of edits from Link (prior to what we received today), that language was included and the reference to "past or current employee of a Party" had been excised. As we discussed in our most recent call, Novo Nordisk believes that language is necessary and you apparently agree. But we do not know why the reference to competitors has now been removed and we do not agree with it. I have highlighted that language which we've added back.

2. In addition, as we have discussed, Novo Nordisk does not believe that it is appropriate for discovery material to be shared with the employee of a non-party, even if that non-party is employed by the parent of a party. Novo Nordisk does not agree to this edit, as reflected in the attached revision.

3. Finally, we've revised section 8.a.i. (b) and (c) to clarify a total of 5 non-lawyer employees and a total of 3 in-house counsel who can get access to confidential information; I believe this should address the need for greater clarity we discussed last week.

Please let us know if this version is acceptable to Link, and given the length of time that this has taken to get to this point (reflected in the parties' correspondence), we ask for a response by noon CT tomorrow, after which we will be prepared to seek a resolution by the Court if we have not come to agreement.

Sincerely,
Kurt

---