# EXHIBIT E

## Nesbitt, Amica

| | |
|---|---|
| **From:** | Calia, Kurt <kcalia@cov.com> |
| **Sent:** | Thursday, April 9, 2026 5:38 PM |
| **To:** | McClure Roberts, Shannon; Nesbitt, Amica |
| **Cc:** | NovoCOMP |
| **Subject:** | Novo v. Link |
| **Attachments:** | Protective Order Draft_04.09.2026_NOVO rev..docx |

Shannon

I wanted to get back to you on both the Protective Order and your request for a 30-day extension for the deadline for Link to respond to our most recent discovery requests.

Let me turn to the extension request first. It would normally our practice to extend the courtesy of a reasonable extension of deadlines. What complicates matters here is the fact that our mediation is scheduled for May 13, and your requested extension would mean that Novo would receive no discovery whatsoever from Link in advance of that date, which risks making that exercise far less (if at all) productive. However, we would be amenable to a reasonable extension of deadlines for the majority of our discovery requests if, as I already previewed, Link would agree to produce documents and information that would divulge its sales volumes, the states to which its semaglutide products are sold or distributed, and information about the corporate structure and relationships between Link, TriadRx, and OpenLoop.

This information is called for by several of our discovery requests, and we think the most sensible approach would be to ask Link to respond to a small subset of them by the current April 22 deadline so that we have this information in advance of the mediation. Specifically, we request that by April 22, Link produce documents responsive to Request for Production Nos. 11-13, respond to RFA Nos. 1-51 (or, alternatively, supplement your response to Interrogatory No. 3 to provide the requested information), and respond to Interrogatory No. 14 (please note that in this email, I have added TriadRx as one of the companies about which we're seeking information as it appears that it is another company, like Link, owned and controlled by OpenLoop that distributes semaglutide products). Assuming that you would agree to provide fulsome responses to these requests (as further supplemented re: TriadRx), we would agree to a 21-day extension within which to respond to the remaining requests in our 2nd set of ROGs and RFPs, and our first set of RFAs. Relatedly, while you offered to provide Novo with a 30-day extension to respond to Link's discovery requests, we would ask for only a 10-day extension of time. As I also mentioned previously, as the protective order has not been entered in the case, we would accept this discovery initially on an outside counsel's eyes only basis, and we would ask that any discovery from Novo be afforded the same treatment. Please let us know if this is acceptable to Link.

Separately, I am circling back to you on the Protective Order. I have attached a new, clean draft which reflects the edits made to date and which should clarify Novo's position of what provisions work on our end. I flag two items in particular. First, as you can see, we eliminated the description of various fields of expertise in what were sections 8.a.i.(c),(d) and 8.b.i.(c),(d) as unnecessary in light of the procedural addition of sections 8.b.i.(c) and 8.c. As I said on our previous call, our approach eliminates any need to debate the proper scope of expertise relevant to this case now, and instead provides both sides with a procedural mechanism to raise any concerns about experts to whom "Highly Confidential – Attorney's Eyes Only" would be shared. We can likewise dispense with the debate about the proper scope of the definition of "competitor" (which has been pared back in this revision). Any objections on the either basis can now be addressed, should they arise, through the procedural mechanism of section 8.c. This approach is commonplace as we demonstrated by providing you with examples of such provisions in other protective orders (including adopted by your firm) and as reflected in the template protective order for this court. Moreover, this reciprocal provision would not tie anyone's hands (your stated concern) -- except in the event that a court were to agree that the retention of a particular expert is inappropriate for some reason or another, in which case there was no proper basis to engage that proposed expert anyway. Accordingly, we believe that this approach is appropriate and should be adopted. If Link does not agree, we are prepared to file a motion seeking to implement this protective order as current written, although we would of course prefer to do so by agreement.

Second, I left highlighted the reference to in-house counsel of a party's parent in the definition of "Party" in section 2.k. In our discussion about this, you informed us that there are no in-house lawyers at Link, that your client (and client contact) is, for all

intents and purposes, OpenLoop. Consequently, we were informed that if we're unable to agree to include the highlighted language, Link would need to raise this issue with the Court. Under the circumstances, it seems clear that OpenLoop should be a defendant in the case – indeed, when I raised that question during our recent call, you indicated that it was really a question for my client, Novo, and not for Link. In any event, please let us know whether OpenLoop is willing to join this case as a defendant. If so, we do not need the highlighted language in section 2.k. as OpenLoop will be a party. If not, please explain the basis for your position.

We look forward to your prompt response on these points.

Thanks,
Kurt

-------------------------
**Kurt G. Calia**

Covington & Burling LLP
3000 El Camino Real, 5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
T +1 650 632 4717 | kcalia@cov.com
www.cov.com

COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.