**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NOVO NORDISK INC.,<br><br>Plaintiff,<br><br>vs.<br><br>LINK PHARMACY LLC,<br><br>Defendant. | Civil Action No. 3:25-cv-2061 |

**DEFENDANT LINK PHARMACY LLC'S MOTION TO REINSTATE STAY OF DISCOVERY PREVIOUSLY ISSUED BY THE COURT**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ....................................................................................................1

II. FACTUAL BACKGROUND ....................................................................................4

III. ARGUMENT ..........................................................................................................7

A. The Court Should Reinstate the Stay Previously Entered in This Action. ..............8

B. Link's Motion to Dismiss Raises Threshold Issues That Could Dispose of the Entire Case and Will Define the Proper Scope of Discovery ........................9

C. Novo's Extensive Discovery is Exceptionally Broad and Burdensome, Warranting a Stay. ..........................................................................................11

D. Novo Will Not Be Prejudiced by Reinstatement of the Discovery Stay. ..............12

IV. CONCLUSION ......................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 9

*Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*,
561 F.3d 377 (5th Cir. 2009) .......... 6, 11, 12

*Conquest v. Camber Corp.*,
No. 13-1108, 2014 WL 172500 (W.D. Tex. 2014) .......... 12

*Dresser v. MEBA Med. & Benefits Plan*,
No. 08-2662, 2008 WL 2705584 (E.D. La. 2008) .......... 12

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... 8

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*,
901 F.2d 404 (5th Cir. 1990) .......... 7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .......... 9

*Petrus v. Bowen*,
833 F.2d 581 (5th Cir. 1987) .......... 7, 9

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976) .......... 10

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) .......... 10

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 9, 10

*Von Drake v. Nat'l Broad. Co.*,
No. 04-0652, 2004 WL 1144142 (N.D. Tex. May 20, 2004) .......... 7, 8

**Other Authorities**

Fed. R. Civ. P.
7.1 .......... 5
8 .......... 4
9(b) .......... 4, 10
12 .......... 1, 8

12(b)(6) ..... 4, 7
26(c) ..... 12
26(c)(1) ..... 11
45 ..... 9

## I. <u>INTRODUCTION</u>

Defendant Link Pharmacy LLC ("Link") respectfully moves this Court to reinstate the discovery stay previously entered in this action pending resolution of Link's Motion to Dismiss the First Amended Complaint. Link acknowledges that the Court's recent Amended Scheduling Order (ECF No. 88) provides that "[t]he pendency of a Rule 12 motion to dismiss does not stay the case unless the Court explicitly so orders." This case presents precisely the circumstances warranting reinstatement of the stay previously entered by Judge Ada E. Brown.

This Court does not need to start from scratch. On July 27, 2026, after "[h]aving considered the Motion, Plaintiffs' Response, the pleadings on file, the applicable authorities, evidence, and arguments of counsel," Judge Brown ordered that "discovery in this matter is hereby stayed pending a ruling on Defendant Link Pharmacy LLC's Motion to Dismiss." Order (July 27, 2026), ECF No. 77. That stay was not administrative in nature. Rather, it reflected Judge Brown's considered determination that a discovery stay was warranted while the Court considered Link's Motion to Dismiss Novo's initial complaint. Although Novo's First Amended Complaint ("FAC") mooted the original Motion to Dismiss, it did not eliminate the concerns that prompted Judge Brown to stay discovery. And Link's Motion to Dismiss the FAC ("Motion") again seeks dismissal of the entire action, presenting the same threshold jurisdictional and legal issues that previously warranted the order staying discovery.

Link's Motion raises threshold legal issues that could dispose of this action in its entirety. Mot. to Dismiss First Am. Compl. (Aug. 24, 2026), ECF No. 89. Most significantly, the Motion challenges Novo's Article III standing to pursue claims and relief based on conduct occurring after June 18, 2025, when Link sold its pharmacy assets to LT Pharmacy Buyer LLC ("LT Buyer") and ceased operating the pharmacy. Novo's FAC nevertheless seeks damages, disgorgement, and

prospective injunctive relief based on alleged post-sale conduct undertaken by LT Buyer, an entity Novo elected not to sue. Because Link no longer operates the pharmacy, an injunction against Link cannot stop LT Buyer's current pharmacy operations, and Link cannot disgorge revenues allegedly earned by LT Buyer or be ordered to pay damages for conduct undertaken by a non-party. That Novo's alleged post-sale injuries are not traceable to or redressable against Link, the sole defendant before the Court, is a threshold limitation on the Court's constitutional authority to adjudicate Novo's claims and corresponding requests for relief.

Link's Motion also seeks dismissal of the entire FAC, including purely legal challenges to Novo's Texas and Georgia claims, as well as fundamental and fatal flaws underpinning all of Novo's claims—such as Novo's failure to plead any facts showing that Link's compounded drugs fell outside the federal and state compounding framework, Novo's (false) insistence that Link's compounded drugs are unlawful simply because they are compounded, and the unavoidable fact that the state statutes under which Novo sues assign the determination of compounded formulations to prescribing physicians, not Novo. If the Court grants the Motion in full, there will be no need for discovery. If the Court grants the Motion only in part, its ruling will substantially narrow the case by determining which claims and remedies survive. Either outcome will define the entities, time periods, jurisdictions, and categories of information properly subject to discovery.

Moreover, proceeding with discovery before the Court rules on the Motion will generate avoidable discovery disputes. Novo's discovery requests—issued to both Link and non-parties—assume the very propositions challenged by Link's Motion: that post-sale conduct by non-parties may be attributed to Link, that Novo is entitled to probe nationwide conduct despite asserting claims under only nine states' laws, and that entities not accused of wrongdoing are proper subjects of discovery. These disputes are not hypothetical—they are already underway.

For example, Novo's FAC pleads claims under the laws of only nine states—yet Novo's discovery proceeds as though this were a nationwide case. Novo served requests for production and 102 requests for admission inquiring whether Link dispensed compounded semaglutide into every state. As to Link, Novo seeks nationwide sales and revenue; nationwide prescription information; nationwide compounding records; nationwide patient-complaints; regulatory inspections from all 50 states; all supplier records nationwide; corporate tax returns; corporate-relationship information; and communications with third parties and industry groups.

And Novo has already extended its discovery campaign beyond Link. Novo served broad non-party subpoenas on OpenLoop Health, Inc. ("OpenLoop"), LT Pharmacy Holdco 1 LLC, and LT Pharmacy Holdco 2 LLC, seeking a broad range of information related to those nonparty entities' operations and finances, including information regarding corporate governance, ownership, officers and managers, commercial contracts, telehealth relationships, prescription volumes, platform processes, financial remuneration, communications involving other pharmacies, and federal and state tax returns. Stretching the bounds of relevance beyond reason, Novo has also requested a broad range of information from TriadRx, a wholly separate pharmacy in South Carolina ultimately owned by OpenLoop. TriadRx is not a party, is not alleged to have engaged in any of the challenged conduct, and holds separate pharmacy licenses from Link. The breadth of Novo's non-party discovery reveals that it seeks to investigate potential claims against entities it did not (and cannot) sue in this Court.

Novo's demands to date have already generated disputes over relevance, proportionality, the proper temporal cutoff, confidential commercial information, patient information, non-party burden, and whether Novo may use discovery to investigate additional states, claims, and defendants not pleaded in its FAC. Without a stay, these disputes will require motion practice and

repeated judicial intervention before the Court determines whether the case survives or is dramatically narrowed in scope. The Court should not be required to referee expansive discovery concerning non-parties, post-sale operations, and unpleaded claims when the pending Motion may eliminate that discovery, or at the very least, provide the legal boundaries necessary to resolve these disputes.

Novo will suffer no cognizable prejudice from an orderly sequence for discovery. If the Motion is denied, discovery can proceed with the benefit of the Court's ruling. If the Motion is granted in part, discovery can be tailored to the claims, parties, time-period, and remedies that remain. And if the Motion is granted in full, the Court, the parties, and numerous non-parties will have been spared substantial and unnecessary expense. Reinstatement of the previously entered discovery stay offers the most efficient path in every possible outcome: resolve the threshold legal issues first, then permit only the discovery, if any, that the Court's ruling makes relevant.

For those reasons, Link respectfully requests that the Court reinstate the discovery stay previously entered in this action pending resolution of Link's Motion.

## II. <u>FACTUAL BACKGROUND</u>

Novo filed this action against Link Pharmacy LLC ("Link") asserting 10 causes of action under the laws of nine states concerning compounded drugs containing semaglutide. On August 4, 2026, Novo filed its FAC, again naming Link as the sole defendant and seeking damages, disgorgement, and prospective injunctive relief. ECF No. 84.

Link moved to dismiss the FAC in its entirety. ECF No. 89. The Motion argues that Novo has failed to establish Article III standing and that every cause of action independently fails under Rules 8, 9(b), and 12(b)(6), federal preemption principles, or the governing state law. Link accordingly requests dismissal of all ten counts. *Id*.

One of the threshold issues concerns the identity of the entity responsible for the conduct alleged in the FAC. On June 18, 2025, Link sold its pharmacy assets to LT Pharmacy Buyer LLC ("LT Buyer"). *See* Link Interrogatory Responses, ECF No. 67-2. Since that sale, LT Buyer, not Link, has operated the business known as Link Pharmacy.

Novo has known these facts since (at least) the inception of this case. Link identified LT Buyer in its Rule 7.1 Corporate Disclosure Statement, filed in October 2025. *See* Link's Certificate of Interested Persons/Disclosure Statement (Oct. 30, 2025), ECF No. 15. Link later confirmed the asset sale and the relevant corporate relationships in verified interrogatory responses in April 2026 and in correspondence between counsel. *See* Link's Responses, ECF No. 67-2. Novo stated that it intended to add OpenLoop Health, Inc. ("OpenLoop"), LT Buyer's ultimate parent, as a defendant, but later declined to do so. *See* Email (Apr. 6, 2026), ECF No. 67-6. OpenLoop, LT Buyer, and the intermediate parent entities are all Delaware entities—as is Novo. Thus, adding those entities as defendants would destroy diversity.

Despite this knowledge, Novo's FAC relies in part on post-sale conduct and seeks damages, disgorgement, and prospective injunctive relief directed at current pharmacy operations. ECF No. 84. Link's Motion asserts that this Court lacks jurisdiction to adjudicate Novo's attempt to trace alleged post-sale injuries to Link or obtain relief against an entity that no longer operates the pharmacy. ECF No. 89. Link's Motion separately challenges Novo's standing for the pre-sale period and the legal sufficiency of every count. *Id*.

The prior judge assigned to this case, Judge Ada E. Brown, granted Link's first Motion to Stay Discovery on July 27, 2026. Order (July 27, 2026), ECF No. 77. In doing so, Judge Brown expressly considered the parties' briefing, the pleadings, the applicable authorities, the evidence before the Court, and the parties' arguments before concluding that discovery should be stayed

pending resolution of Link's dispositive motion. *Id.* When Novo filed its FAC (ECF No. 84), the original Motion to Dismiss (ECF No. 13) was mooted, effectively lifting the stay. But the FAC did not eliminate the concerns that prompted Judge Brown to stay discovery in the first place. Link's Motion again seeks dismissal of the entire action and raises threshold issues that discovery cannot resolve.

Despite suing under the laws of only nine states,[1] Novo's current discovery requests seek information concerning "all U.S. states and territories" in which compounded semaglutide drugs were shipped, together with date ranges, volumes, and related data repositories. *See* Novo's Interrogatory No. 3, ECF No. 35-2 (Novo's First Set of Interrogatories). Novo also served 102 paired Requests for Admission requiring Link to admit or deny whether it "distributed compounded semaglutide" in each of the 50 states and the District of Columbia. *See* Novo's Requests for Admission, Ex. A. Nor has Novo confined its discovery to the conduct or entities identified in the FAC. In Interrogatory No. 14, Novo requested information not only concerning OpenLoop and LT Buyer, but also TriadRx, a separate pharmacy that is not a party, is not alleged to have engaged in any conduct at issue, and holds separate pharmacy licenses. *See* Link's Responses, ECF No. 67-2. Novo specifically sought information regarding TriadRx's corporate structure and relationship to OpenLoop despite the absence of any allegation connecting TriadRx to any of Novo's claims. *Id.* Novo's remaining requests are equally as expansive: Novo seeks nationwide sales information through the present; nationwide prescription information; nationwide

---

[1] The breadth of Novo's discovery requests is consistent with the FAC's express reservation of Novo's right to expand this case beyond the claims currently pleaded. *See* FAC ¶ 180 ("Novo Nordisk reserves the right to amend its Complaint to add additional causes of action" based on alleged sales in states other than those identified in the Complaint). But discovery is not a fishing expedition—it must be tied to the claims and parties presently before the Court, not to hypothetical future claims. *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009) ("The role of discovery, however, is to find support for properly pleaded claims, not to find the claims themselves.").

compounding records; nationwide patient-complaint information; nationwide communications with customers, trade associations, lobbying organizations, and industry groups; nationwide supplier records; FDA and nationwide state board inspection documents; tax returns; and corporate-relationship information. *See* Novo's Second Set of Interrogatories, Novo's Second Request to Produce, Novo's Third Set of Request for Production, Ex. B.

Novo has extended this same discovery campaign to entities it chose not to sue. Novo served subpoenas on OpenLoop, LT Pharmacy Holdco 1 LLC, and LT Pharmacy Holdco 2 LLC seeking corporate structure and ownership information, telehealth agreements, pharmacy agreements, prescriber information, prescription volumes, operational processes, financial information, compensation arrangements, communications with telehealth companies and pharmacies, and federal and state tax returns dating back to January 1, 2021 (4 years prior to the acquisition). *See* Third-Party Subpoenas, Ex. C.[2] Yet, despite the ownership information Link has disclosed, Novo has chosen not sued any of these entities, and none is accused of wrongdoing in the FAC.

## III. ARGUMENT

District courts have broad discretion to manage their dockets, and may stay discovery upon a showing of good cause, particularly where a pending dispositive motion presents threshold jurisdictional or purely legal issues that could dispose of the case. *Von Drake v. Nat'l Broad. Co.*, No. 04-0652, 2004 WL 1144142, *1 (N.D. Tex. May 20, 2004) (stay proper where motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense"); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("nothing [] learned through discovery could have

[2] Yet, at least so far, Novo has chosen ***not*** to subpoena LT Pharmacy Buyer, the entity Novo knows is currently operating the pharmacy.

affected the resolution of the defendants' 12(b)(6) motion"). Good cause exists where proceeding with discovery would impose hardship or inequity and a stay would not materially prejudice the opposing party. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

The governing three-factor good cause framework assesses: (1) the strength of the dispositive motion; (2) the breadth of discovery sought; and (3) the burden of responding. *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, *1. Those factors strongly favor reinstatement of the stay previously entered in this case. Judge Brown already determined that discovery should be stayed while the Court considered Link's dispositive motion against Novo's initial complaint and the same concerns underlying that ruling remain today.

**A. The Court Should Reinstate the Stay Previously Entered in This Action.**

Link acknowledges that the Court's Scheduling Order provides that the filing of a Rule 12 motion does not automatically stay discovery. Link does not contend otherwise. Rather, Judge Brown already exercised this Court's discretion and determined a stay of all discovery was warranted in this case.

On July 27, 2026, after considering the parties' motion to stay discovery briefing, the pleadings, the evidence, applicable authorities, Judge Brown stayed discovery pending resolution of Link's Motion to Dismiss Novo's initial complaint. ECF No. 77. That stay reflected a case-specific determination that discovery should not proceed until the Court resolved threshold legal issues. *Id*.

The practical consequences of denying reinstatement are already apparent. Novo has served expansive party and non-party discovery beyond the claims alleged in the FAC, including discovery directed to post-sale conduct, non-party entities, nationwide operations, and claims never pleaded. The parties are already disputing relevance, proportionality, temporal scope, non-party burden, and whether discovery may reach entities and conduct that may not belong in this

case at all. *See* Novo's Second Set of Interrogatories, Novo's Second Request to Produce, Novo's Third Set of Request for Production, Ex. B.

Without a reinstatement of the discovery stay, the Court will be required to resolve those issues piecemeal through motions to compel, motions for protective orders and Rule 45 disputes before determining whether discovery is relevant to any claim that properly remains in this case. Put differently, the Court will be asked—repeatedly—to determine the permissible scope of discovery before determining the permissible scope of Novo's claims. Resolving Link's Motion to Dismiss first is the more efficient course. The Court's ruling on the very viability of Novo's claims may eliminate many of these disputes altogether or, at minimum, provide the legal boundaries necessary to resolve them.

Accordingly, Link does not seek a stay merely because a motion to dismiss is pending. Link seeks reinstatement of the stay previously entered in this case because the same threshold issues remain before the Court today. Without a stay, the Court will be forced to expend substantial resources resolving discovery disputes concerning issues that may not belong in this case at all. The more efficient course is to first determine what claims, parties, remedies, and time periods remain before requiring the parties and the Court to litigate the scope of discovery.

### B. Link's Motion Raises Threshold Issues That Could Dispose of the Entire Case and Will Define the Proper Scope of Discovery.

Link's Motion raises threshold issues that no amount of discovery can cure. A plaintiff may not use discovery to cure a legally deficient complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). And a stay is appropriate where "nothing could be learned through discovery" that would affect resolution of the pending motion. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). At a minimum, Link's motion will define the proper scope of any discovery that follows. Article III presents the first hurdle. Novo must establish injury-in-fact, traceability, and redressability. *Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-41 (2021). Moreover, "[s]tanding is not dispensed in gross"; a plaintiff must demonstrate standing for each claim and each form of relief sought. *TransUnion*, 594 U.S. at 431. Link's Motion challenges Novo's standing for both the pre-sale and post-sale periods. ECF No. 89. As to the pre-sale period, Link argues that the FAC identifies no concrete injury attributable to Link. *Id*. As to the post-sale period, Link argues that Novo cannot trace alleged injuries arising after June 18, 2025 to Link or obtain redress from Link because LT Buyer, a non-party, operated the pharmacy after that date. *Id*.

An injunction against Link cannot affect LT Buyer's current pharmacy operations. Link cannot disgorge revenues allegedly earned by LT Buyer or answer in damages for LT Buyer's conduct. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (relief that does not remedy the plaintiff's injury cannot satisfy Article III redressability); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–43 (1976) ("relief that does not remedy the plaintiff's injury cannot bootstrap a plaintiff into federal court, that is the very essence of the redressability requirement). If the Court agrees, it will eliminate from the case all discovery concerning LT Buyer's post-acquisition prescription activity, revenues, telehealth relationships, operations, and records.

Link's Motion also raises independent legal challenges to every cause of action. Among other grounds, the Motion argues that Texas law does not recognize Novo's unfair-competition theory and that Georgia law will not allow prospective injunctive relief against Link, as Link is not currently operating the pharmacy. Link further argues that the FAC does not plead facts showing that any Link prescription, prescriber determination, compounded drug, or transaction violated any applicable compounding requirement; that Novo's deception-based claims fail under Rule 9(b); that Novo's claims impermissibly seek private enforcement of Section 503A; and that

the governing state statutes do not authorize the remedies Novo seeks. Discovery will not change the governing law.

Without a stay in place, the parties will be forced to litigate the scope of an undefined case. Via discovery motion practice, the Court will have to decide whether discovery can reach post-sale conduct, nationwide activity, LT Buyer's records, non-party operations, unrelated pharmacies, patient information, financial records, and unpleaded claims or jurisdictions when those matters may not belong in the case at all. Denying reinstatement of the stay would require the Court to address all of these issues one-by-one before determining whether they are relevant to any viable claim. Reinstating the stay allows the Court to first define the scope of the case before expending resources defining the scope of discovery. These case-wide issues will narrow, if not resolve entirely, if the Court stay discovery until it rules on Link's Motion to Dismiss.

### C. Novo's Extensive Discovery is Exceptionally Broad and Burdensome, Warranting a Stay.

Novo seeks discovery that extends far beyond the claims currently pleaded. Such discovery is both overbroad and burdensome. *See Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009) ("The role of discovery, however, is to find support for properly pleaded claims, not to find the claims themselves."). Upon making a sufficient showing of good cause, a district court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Novo seeks discovery concerning "all U.S. states and territories," served 102 paired Requests for Admission directed to every state and the District of Columbia, and issued broad subpoenas to third parties it declined to sue. Responding to those requests would require Link to collect, review and produce information concerning activities in 41 additional states not implicated by Novo's claims, obtain information maintained by third-party vendors, review sensitive

commercial and financial information that may prove irrelevant depending on the Court's resolution of Link's pending Motion. In other words, Novo seeks discovery not merely to prove its pleaded claims, but to investigate potential claims against entities it did not (and cannot) sue here. *Torch Liquidating* makes clear that discovery is not intended to serve that purpose. 561 F.3d at 392.

Requiring the parties and non-parties to bear those costs now, before the Court determines the proper scope of this case, would impose precisely the type of unnecessary burden Rule 26(c) is designed to prevent. Reinstating the stay will avoid that burden and ensure that any discovery proceeds only after the Court determines what claims, parties, remedies, and time periods, if any, remain in the case.

**D. Novo Will Not Be Prejudiced by Reinstatement of the Discovery Stay.**

Novo will not be prejudiced by a temporary stay of discovery. Fifth Circuit and Northern District of Texas courts consistently find no prejudice from a temporary stay at the early stages of a case. *Conquest v. Camber Corp.*, No. 13-1108, 2014 WL 172500, *1 (W.D. Tex. 2014) (Finding a temporary stay in discovery is appropriate "when balancing the meager harm produced by such a temporary stay at the outset of this case against the possibility that Defendant's Motion to Dismiss will be granted and entirely eliminate the need for such discovery."); *Dresser v. MEBA Med. & Benefits Plan*, No. 08-2662, 2008 WL 2705584, *2 (E.D. La. 2008) (same).

The Court's Scheduling Order sets trial for October 18, 2027—over fourteen months away. Discovery closes ninety days before trial, approximately July 20, 2027. Amended Scheduling Order, ECF No. 88. There is ample time for full discovery should the case proceed past the pleading stage. A temporary stay will not deprive Novo of discovery on any claim that survives. It will simply sequence discovery after the Court determines whether Novo has pleaded a viable case in the first place, and, if so, what that case includes. A temporary stay avoids that inefficiency

while preserving Novo's ability to obtain discovery on any claim that remains.

## IV. CONCLUSION

For the foregoing reasons, Defendant Link Pharmacy LLC respectfully requests that the Court reinstate the discovery stay pending resolution of Link's Motion to Dismiss the First Amended Complaint.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Shannon E. McClure*

Shannon E. McClure (*pro hac vice*)
BLANK ROME LLP
One Logan Square, 130 N. 18th Street
Philadelphia, PA 19103
Telephone: 215-569-5500
Facsimile: 215-569-5555
shannon.mcclure@blankrome.com

Rachael G. Pontikes (*pro hac vice*)
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, IL 60606
Telephone: (312) 776-2600
Facsimile: (312) 776-2601
rachael.pontikes@blankrome.com

E. Leon Carter
Texas Bar No. 03914300
Linda Stahl
Texas Bar No. 00798525
CARTER ARNETT PLLC
8150 N Central Expy., Suite 500
Dallas, TX 75206
Telephone: (214) 550-8185
Fax: 214-550-8185
Email: lcarter@carterarnett.com
lstahl@carterarnett.com

*Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

I certify that on August 24, 2026, counsel for Defendant conferred with Plaintiff's counsel, Kurt Calia, regarding this Motion. Plaintiff's counsel stated that Novo opposes the requested relief. Accordingly, this Motion is opposed.

*/s/ Shannon E. McClure*

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2026, the foregoing document was served on all counsel of record through the Court's CM/ECF system.

*/s/ Shannon E. McClure*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NOVO NORDISK INC.,<br>Plaintiff,<br>vs.<br>LINK PHARMACY LLC,<br>Defendant. | Civil Action No. 3:25-cv-2061 |

**[PROPOSED] ORDER OF COURT**

Before the Court is Defendant Link Pharmacy LLC's Motion to Reinstate the Stay of Discovery Previously Issued by the Court (the "Motion"). Having considered the Motion, Plaintiff's Response, the pleadings on file, the applicable authorities, evidence, and arguments of counsel, the Court hereby **GRANTS** the Motion in its entirety.

Accordingly, Discovery in this matter is hereby stayed pending a ruling on Defendant Link Pharmacy LLC's Motion to Dismiss (ECF No. 89).

**IT IS SO ORDERED** this _______day of ___________________, 2026.

_______________________________________
Senior Judge David C Godbey