# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NOVO NORDISK INC.<br>Plaintiff,<br>v.<br>LINK PHARMACY LLC,<br>Defendant. | Case No. 3:25-cv-02061-E<br>Honorable Ada E. Brown |

**NOTICE OF NON-PARTY SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Novo Nordisk Inc., by and through its counsel, provides notice that it will serve the enclosed subpoena upon non-party LT Pharmacy Holdco 1, LLC, 251 Little Falls Drive, Wilmington, DE 19808, in the form appended hereto, for the production of documents described in Schedule A to the subpoena. The requested documents are to be produced no later than June 15, 2026, at McCarter & English LLP, 405 N. King St., 8th floor, Wilmington, DE 19801, or by email.

Dated: June 1, 2026

Respectfully submitted,

By: */s/ Trevor Carolan*
Trevor Carolan
Texas Bar No. 24128898
5850 Granite Parkway, Suite 900
Plano, Texas 75024
Telephone: (972) 616-1700
Fax: (972) 616-1701
trevor.carolan@bowmanandbrooke.com
Randall L. Christian
Texas Bar No. 00783826
Jonathan L. Smith
Texas Bar No. 24088436
**BOWMAN AND BROOKE LLP**
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746

Tel.: (512) 874-3800
Facsimile: (512) 874-3801
Randall.Christian@bowmanandbrooke.com
Jonathan.Smith@bowmanandbrooke.com

and

Michael X. Imbroscio (*admitted pro hac vice*)
Kevin M. Kelly (*admitted pro hac vice*)
Garrett E. Cunningham (*admitted pro hac vice*)
Lauren T. Smith (*admitted pro hac vice*)
**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
mimbroscio@cov.com
kkelly@cov.com
gcunningham@cov.com
lsmith@cov.com

Kurt G. Calia (*admitted pro hac vice*)
**COVINGTON & BURLING LLP**
3000 EL Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4700
kcalia@cov.com

***Attorneys for Plaintiff***
***NOVO NORDISK INC.***

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

NOVO NORDISK INC.
*Plaintiff*
v.
LINK PHARMACY LLC
*Defendant*

Civil Action No. 3:25-cv-02061-E

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: LT Pharmacy Holdco 1, LLC, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

[**X**] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached).

| | |
|---|---|
| Place: McCarter & English LLP, 405 N. King St., 8th floor, Wilmington, DE 19801. Electronic production to kcalia@cov.com is preferred. | Date and Time:<br>June 15, 2026, 5:00pm |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/1/2026

*CLERK OF COURT*

OR

/s/ *Kurt Calia*

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Plaintiff Novo Nordisk Inc., who issues or requests this subpoena is Kurt Calia, Covington & Burling LLP, 3000 EL Camino Real 5 Palo Alto Square, 10th Floor, Palo Alto, CA 94306-2112, (650) 632-4700, kcalia@cov.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:25-cv-02061-E

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

[ ] I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________________

______________________________________________ on *(date)* ______________ ; or

[ ] I returned the subpoena unexecuted because: ________________________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A TO SUBPOENA TO LT PHARMACY HOLDCO 1, LLC**

**DEFINITIONS**

1. The terms "all" and "any," whenever used separately, shall be construed as "any and all."

2. Unless otherwise indicated, "Novo" or "Plaintiff" means the Plaintiff in this action, Novo Nordisk Inc., including its predecessors, agents, employees, representatives, contractors, assigns, subsidiaries, and parents.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

4. "Communication(s)" means any transfer of information, ideas, opinions, or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file and other writings reflecting communications.

5. "Document(s)" means any written, printed, typed or other visual or oral matter of any kind or nature, whether sent or received, including, without limitation, all memoranda, reports, notes, transcripts, letters, envelopes, telegrams, cables, telexes, telephone bills, messages, work papers, diaries, desk calendars, appointment books, brochures, drafts, minutes or transcriptions of meetings and other communications of every type, videos and all audio-visual or sound recordings, magnetic tapes, video tapes, digital files, or other material on which information can be stored or obtained. The term "Document(s)" shall also include copies of any such documents upon which appears any notation, handwriting, or other additions not on the original. The term "Document(s)"

includes all documents in Your care, custody, possession or control, and all documents made available to You, whether or not such documents are in your custody or possession. The term "Document(s)" includes all types of electronically stored information ("ESI"), including emails, voicemails, and text messages.

6. The term "including" shall always be construed to mean "including, but not limited to," or "including, without limitation."

7. The term "relating to" means in any way, directly or indirectly, alluding to, amending, assisting with, canceling, commenting upon, comprising, concerning, confirming, considering, constituting, contradicting, describing, discussing, endorsing, evidencing, identifying, incorporating, mentioning, modifying, pertaining to, qualifying, referring to, regarding, relevant to, representing, revoking, setting forth, showing, suggesting, supplementing, supporting, terminating, underlying, or otherwise involving the subject matter of the specified request.

8. Unless otherwise indicated, the term "You" or "Your" refers to LT Pharmacy Holdco 1, LLC, its affiliates, agents, employees, independent contractors, representatives and anyone else acting on its behalf.

9. Unless otherwise indicated, "Link" or "Defendant" refers to defendant Link Pharmacy LLC, its affiliates, agents, employees, independent contractors, representatives, and anyone else acting on the defendant's behalf.

10. "Semaglutide Products" shall mean any product or products compounded, created, marketed or sold where the active pharmaceutical ingredients purport to include semaglutide, including every dosage strength thereof.

11. "Telehealth Company" or "Telehealth Platform" means any person or entity that provides, facilitates, or operates a platform for the provision of healthcare services, consultations, or prescriptions through electronic or remote means, including telemedicine services.

## INSTRUCTIONS

1. These Requests for Production ("Requests") are directed to You and cover all documents in Your possession, custody, and control, including any such documents that are able to come in to Your possession through Your ability to request and receive them from any company that is affiliated with You.

2. You are to produce all responsive Documents in full, without abbreviation, expurgation, or redaction.

3. All Documents responsive to these Requests shall be produced in an orderly manner and with appropriate markings or other identification so that Novo Nordisk and its attorneys will be able to identify the source of the document and number of the Request(s) to which it responds, or as they are maintained by You in the usual course of business.

4. If You believe that any of the following Requests call for documents subject to any claim of privilege, respond and produce so much as is not objected to, state that part of each Request as to which you raise an objection and set forth the basis for your claim of privilege with respect to such documents you refuse to produce, including a statement identifying the nature of the documents withheld. Any materials withheld from discovery on the grounds of privilege must be set forth in a privilege log that expressly asserts the claim of privilege and describes the nature of the documents, communications, or tangible things not produced and describes the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable Novo or, if necessary, the Court,

to assess the claim of privilege. Such information should include all other recipients of the substance of the withheld document.

5. If You are unable to respond to any of the Requests fully and completely, after exercising due diligence to obtain the Documents necessary to provide a full and complete response, then so state and respond to each such Request to the fullest extent possible, specifying the extent of Your knowledge and Your inability to respond to the remainder, and setting forth whatever information or knowledge You may have concerning the unanswered portions thereof and efforts You made to obtain the requested Documents. If You have no Documents responsive to a Request, then so state.

6. If a document or thing is responsive to a Request but cannot be produced because it was lost, destroyed, or transferred outside of Your control, identify in the response the document or thing by author, date, and subject matter; the date and circumstances of its loss, destruction, or transfer; each person or entity to whom the document or thing was transferred; and its location.

7. If You object to any part of a Request, identify that portion to which You object and produce all Documents responsive to the remainder of the Request.

8. The obligations imposed by these Requests are continuing, and You are required to serve supplemental responses if You obtain or become aware of any different or additional Documents after the date of Your initial responses.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents reflecting Your corporate structure, including but not limited to: articles of incorporation, certificates of formation, operating agreements, bylaws, organizational charts, and any Documents identifying Your parent companies, subsidiaries, affiliates, members, partners, shareholders, or other ownership interests.

**REQUEST NO. 2:**

All Documents identifying or reflecting any ownership or equity interest held by any person or entity in You, including any changes in ownership, from January 1, 2021, to the present.

**REQUEST NO. 3:**

All Documents identifying Your officers, directors, managers, or other persons with authority to act on Your behalf from January 1, 2021, to the present.

**REQUEST NO. 4:**

All agreements, contracts, memoranda of understanding, or other written arrangements between You and any Telehealth Company or Telehealth Platform from January 1, 2021, to the present.

**REQUEST NO. 5:**

All agreements, contracts, memoranda of understanding, or other written arrangements between You and Link Pharmacy LLC or any affiliate or company holding the assets of Link Pharmacy LLC thereof, including any predecessor companies to Link Pharmacy LLC, from January 1, 2021, to the present.

**REQUEST NO. 6:**

All agreements, contracts, memoranda of understanding, or other written arrangements

between You and any compounding pharmacy concerning the prescribing, dispensing, or distribution of Semaglutide Products from January 1, 2021, to the present.

**REQUEST NO. 7:**

All Documents reflecting payments, compensation, fees, or other remuneration paid or received by You in connection with any agreement with a Telehealth Company, Telehealth Platform, or pharmacy from January 1, 2021, to the present.

**REQUEST NO. 8:**

All Documents identifying licensed prescribers who have written prescriptions through or in connection with Your platform or services that were filled by Link or any of Your affiliate companies from January 1, 2021, to the present.

**REQUEST NO. 9:**

All Documents sufficient to show the volume of prescriptions written through or in connection with Your platform or services that were filled by Link or any of Your affiliate companies, by month, from January 1 2021, to the present.

**REQUEST NO. 10:**

All Documents reflecting the process or procedures by which prescriptions are transmitted from prescribers using Your platform or services to pharmacies, including Link or any of Your affiliate companies.

**REQUEST NO. 11:**

All Documents reflecting any credentialing, verification, or oversight of licensed prescribers who use Your platform or services to issue prescriptions for Semaglutide Products.

**REQUEST NO. 12:**

All Documents concerning or referencing semaglutide, Ozempic, Wegovy, or Semaglutide

Products, including but not limited to marketing materials, promotional materials, Communications with prescribers, and Communications with pharmacies.

**REQUEST NO. 13:**

All Communications between You and Link or any of Your affiliate companies concerning semaglutide or Semaglutide Products from January 1, 2021, to the present.

**REQUEST NO. 14:**

All Communications between You and any Telehealth Company concerning Link, or any of Your affiliate companies, or any other compounding pharmacy from January 1, 2021, to the present.

**REQUEST NO. 15:**

All marketing or promotional materials used by You or any of Your affiliate companies to solicit business from Telehealth Companies, Telehealth Platforms, or pharmacies from January 1, 2021, to the present.

**REQUEST NO. 16:**

All documents reflecting any revenue, compensation or financial remuneration of any kind received by You, any of Your executives, and any of Your affiliate companies that was derived, in whole or in part, from sales of Semaglutide Products by Link or any of Your affiliate companies from January 1, 2021, to the present.

**REQUEST NO. 17:**

A copy of each of Your federal and state tax returns from January 1, 2021, to the present.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NOVO NORDISK INC.<br>Plaintiff,<br>v.<br>LINK PHARMACY LLC,<br>Defendant. | Case No. 3:25-cv-02061-E<br>Honorable Ada E. Brown |

**NOTICE OF NON-PARTY SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Novo Nordisk Inc., by and through its counsel, provides notice that it will serve the enclosed subpoena upon non-party LT Pharmacy Holdco 2, LLC, 251 Little Falls Drive, Wilmington, DE 19808, in the form appended hereto, for the production of documents described in Schedule A to the subpoena. The requested documents are to be produced no later than June 15, 2026, at McCarter & English LLP, 405 N. King St., 8th floor, Wilmington, DE 19801, or by email.

Dated: June 1, 2026

Respectfully submitted,

By: */s/ Trevor Carolan*
Trevor Carolan
Texas Bar No. 24128898
5850 Granite Parkway, Suite 900
Plano, Texas 75024
Telephone: (972) 616-1700
Fax: (972) 616-1701
trevor.carolan@bowmanandbrooke.com
Randall L. Christian
Texas Bar No. 00783826
Jonathan L. Smith
Texas Bar No. 24088436
**BOWMAN AND BROOKE LLP**
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746

Tel.: (512) 874-3800
Facsimile: (512) 874-3801
Randall.Christian@bowmanandbrooke.com
Jonathan.Smith@bowmanandbrooke.com

and

Michael X. Imbroscio (*admitted pro hac vice*)
Kevin M. Kelly (*admitted pro hac vice*)
Garrett E. Cunningham (*admitted pro hac vice*)
Lauren T. Smith (*admitted pro hac vice*)
**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
mimbroscio@cov.com
kkelly@cov.com
gcunningham@cov.com
lsmith@cov.com

Kurt G. Calia (*admitted pro hac vice*)
**COVINGTON & BURLING LLP**
3000 EL Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4700
kcalia@cov.com

***Attorneys for Plaintiff***
***NOVO NORDISK INC.***

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| NOVO NORDISK INC.<br>*Plaintiff*<br>v.<br><br>LINK PHARMACY LLC<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25-cv-02061-E |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: LT Pharmacy Holdco 2, LLC, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

[**X**] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached).

| | |
|---|---|
| Place: McCarter & English LLP, 405 N. King St., 8th floor, Wilmington, DE 19801. Electronic production to kcalia@cov.com is preferred. | Date and Time:<br>June 15, 2026, 5:00pm |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/1/2026

*CLERK OF COURT*

OR

/s/ *Kurt Calia*

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Plaintiff Novo Nordisk Inc., who issues or requests this subpoena is Kurt Calia, Covington & Burling LLP, 3000 EL Camino Real 5 Palo Alto Square, 10th Floor, Palo Alto, CA 94306-2112, (650) 632-4700, kcalia@cov.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:25-cv-02061-E

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* __________ .

[ ] I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________

______________________________ on *(date)* __________ ; or

[ ] I returned the subpoena unexecuted because: ______________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A TO SUBPOENA TO LT PHARMACY HOLDCO 2, LLC**

**DEFINITIONS**

1. The terms "all" and "any," whenever used separately, shall be construed as "any and all."

2. Unless otherwise indicated, "Novo" or "Plaintiff" means the Plaintiff in this action, Novo Nordisk Inc., including its predecessors, agents, employees, representatives, contractors, assigns, subsidiaries, and parents.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

4. "Communication(s)" means any transfer of information, ideas, opinions, or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file and other writings reflecting communications.

5. "Document(s)" means any written, printed, typed or other visual or oral matter of any kind or nature, whether sent or received, including, without limitation, all memoranda, reports, notes, transcripts, letters, envelopes, telegrams, cables, telexes, telephone bills, messages, work papers, diaries, desk calendars, appointment books, brochures, drafts, minutes or transcriptions of meetings and other communications of every type, videos and all audio-visual or sound recordings, magnetic tapes, video tapes, digital files, or other material on which information can be stored or obtained. The term "Document(s)" shall also include copies of any such documents upon which appears any notation, handwriting, or other additions not on the original. The term "Document(s)"

includes all documents in Your care, custody, possession or control, and all documents made available to You, whether or not such documents are in your custody or possession. The term "Document(s)" includes all types of electronically stored information ("ESI"), including emails, voicemails, and text messages.

6. The term "including" shall always be construed to mean "including, but not limited to," or "including, without limitation."

7. The term "relating to" means in any way, directly or indirectly, alluding to, amending, assisting with, canceling, commenting upon, comprising, concerning, confirming, considering, constituting, contradicting, describing, discussing, endorsing, evidencing, identifying, incorporating, mentioning, modifying, pertaining to, qualifying, referring to, regarding, relevant to, representing, revoking, setting forth, showing, suggesting, supplementing, supporting, terminating, underlying, or otherwise involving the subject matter of the specified request.

8. Unless otherwise indicated, the term "You" or "Your" refers to LT Pharmacy Holdco 2, LLC, its affiliates, agents, employees, independent contractors, representatives and anyone else acting on its behalf.

9. Unless otherwise indicated, "Link" or "Defendant" refers to defendant Link Pharmacy LLC, its affiliates, agents, employees, independent contractors, representatives, and anyone else acting on the defendant's behalf.

10. "Semaglutide Products" shall mean any product or products compounded, created, marketed or sold where the active pharmaceutical ingredients purport to include semaglutide, including every dosage strength thereof.

11. "Telehealth Company" or "Telehealth Platform" means any person or entity that provides, facilitates, or operates a platform for the provision of healthcare services, consultations, or prescriptions through electronic or remote means, including telemedicine services.

## INSTRUCTIONS

1. These Requests for Production ("Requests") are directed to You and cover all documents in Your possession, custody, and control, including any such documents that are able to come in to Your possession through Your ability to request and receive them from any company that is affiliated with You.

2. You are to produce all responsive Documents in full, without abbreviation, expurgation, or redaction.

3. All Documents responsive to these Requests shall be produced in an orderly manner and with appropriate markings or other identification so that Novo Nordisk and its attorneys will be able to identify the source of the document and number of the Request(s) to which it responds, or as they are maintained by You in the usual course of business.

4. If You believe that any of the following Requests call for documents subject to any claim of privilege, respond and produce so much as is not objected to, state that part of each Request as to which you raise an objection and set forth the basis for your claim of privilege with respect to such documents you refuse to produce, including a statement identifying the nature of the documents withheld. Any materials withheld from discovery on the grounds of privilege must be set forth in a privilege log that expressly asserts the claim of privilege and describes the nature of the documents, communications, or tangible things not produced and describes the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable Novo or, if necessary, the Court,

to assess the claim of privilege. Such information should include all other recipients of the substance of the withheld document.

5. If You are unable to respond to any of the Requests fully and completely, after exercising due diligence to obtain the Documents necessary to provide a full and complete response, then so state and respond to each such Request to the fullest extent possible, specifying the extent of Your knowledge and Your inability to respond to the remainder, and setting forth whatever information or knowledge You may have concerning the unanswered portions thereof and efforts You made to obtain the requested Documents. If You have no Documents responsive to a Request, then so state.

6. If a document or thing is responsive to a Request but cannot be produced because it was lost, destroyed, or transferred outside of Your control, identify in the response the document or thing by author, date, and subject matter; the date and circumstances of its loss, destruction, or transfer; each person or entity to whom the document or thing was transferred; and its location.

7. If You object to any part of a Request, identify that portion to which You object and produce all Documents responsive to the remainder of the Request.

8. The obligations imposed by these Requests are continuing, and You are required to serve supplemental responses if You obtain or become aware of any different or additional Documents after the date of Your initial responses.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents reflecting Your corporate structure, including but not limited to: articles of incorporation, certificates of formation, operating agreements, bylaws, organizational charts, and any Documents identifying Your parent companies, subsidiaries, affiliates, members, partners, shareholders, or other ownership interests.

**REQUEST NO. 2:**

All Documents identifying or reflecting any ownership or equity interest held by any person or entity in You, including any changes in ownership, from January 1, 2021, to the present.

**REQUEST NO. 3:**

All Documents identifying Your officers, directors, managers, or other persons with authority to act on Your behalf from January 1, 2021, to the present.

**REQUEST NO. 4:**

All agreements, contracts, memoranda of understanding, or other written arrangements between You and any Telehealth Company or Telehealth Platform from January 1, 2021, to the present.

**REQUEST NO. 5:**

All agreements, contracts, memoranda of understanding, or other written arrangements between You and Link Pharmacy LLC or any affiliate or company holding the assets of Link Pharmacy LLC thereof, including any predecessor companies to Link Pharmacy LLC, from January 1, 2021, to the present.

**REQUEST NO. 6:**

All agreements, contracts, memoranda of understanding, or other written arrangements

between You and any compounding pharmacy concerning the prescribing, dispensing, or distribution of Semaglutide Products from January 1, 2021, to the present.

**REQUEST NO. 7:**

All Documents reflecting payments, compensation, fees, or other remuneration paid or received by You in connection with any agreement with a Telehealth Company, Telehealth Platform, or pharmacy from January 1, 2021, to the present.

**REQUEST NO. 8:**

All Documents identifying licensed prescribers who have written prescriptions through or in connection with Your platform or services that were filled by Link or any of Your affiliate companies from January 1, 2021, to the present.

**REQUEST NO. 9:**

All Documents sufficient to show the volume of prescriptions written through or in connection with Your platform or services that were filled by Link or any of Your affiliate companies, by month, from January 1 2021, to the present.

**REQUEST NO. 10:**

All Documents reflecting the process or procedures by which prescriptions are transmitted from prescribers using Your platform or services to pharmacies, including Link or any of Your affiliate companies.

**REQUEST NO. 11:**

All Documents reflecting any credentialing, verification, or oversight of licensed prescribers who use Your platform or services to issue prescriptions for Semaglutide Products.

**REQUEST NO. 12:**

All Documents concerning or referencing semaglutide, Ozempic, Wegovy, or Semaglutide

Products, including but not limited to marketing materials, promotional materials, Communications with prescribers, and Communications with pharmacies.

**REQUEST NO. 13:**

All Communications between You and Link or any of Your affiliate companies concerning semaglutide or Semaglutide Products from January 1, 2021, to the present.

**REQUEST NO. 14:**

All Communications between You and any Telehealth Company concerning Link, or any of Your affiliate companies, or any other compounding pharmacy from January 1, 2021, to the present.

**REQUEST NO. 15:**

All marketing or promotional materials used by You or any of Your affiliate companies to solicit business from Telehealth Companies, Telehealth Platforms, or pharmacies from January 1, 2021, to the present.

**REQUEST NO. 16:**

All documents reflecting any revenue, compensation or financial remuneration of any kind received by You, any of Your executives, and any of Your affiliate companies that was derived, in whole or in part, from sales of Semaglutide Products by Link or any of Your affiliate companies from January 1, 2021, to the present.

**REQUEST NO. 17:**

A copy of each of Your federal and state tax returns from January 1, 2021, to the present.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NOVO NORDISK INC.<br>Plaintiff,<br>v.<br>LINK PHARMACY LLC,<br>Defendant. | Case No. 3:25-cv-02061-E<br>Honorable Ada E. Brown |

**NOTICE OF NON-PARTY SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Novo Nordisk Inc., by and through its counsel, provides notice that it will serve the enclosed subpoena upon non-party OpenLoop Health, Inc., 1209 Orange St., Wilmington, DE 19801, in the form appended hereto, for the production of documents described in Schedule A to the subpoena. The requested documents are to be produced no later than June 15, 2026, at McCarter & English LLP, 405 N. King St., 8th floor, Wilmington, DE 19801, or by email.

Dated: June 1, 2026

Respectfully submitted,

By: */s/ Trevor Carolan*
Trevor Carolan
Texas Bar No. 24128898
5850 Granite Parkway, Suite 900
Plano, Texas 75024
Telephone: (972) 616-1700
Fax: (972) 616-1701
trevor.carolan@bowmanandbrooke.com
Randall L. Christian
Texas Bar No. 00783826
Jonathan L. Smith
Texas Bar No. 24088436
**BOWMAN AND BROOKE LLP**
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746

Tel.: (512) 874-3800
Facsimile: (512) 874-3801
Randall.Christian@bowmanandbrooke.com
Jonathan.Smith@bowmanandbrooke.com

and

Michael X. Imbroscio (*admitted pro hac vice*)
Kevin M. Kelly (*admitted pro hac vice*)
Garrett E. Cunningham (*admitted pro hac vice*)
Lauren T. Smith (*admitted pro hac vice*)
**COVINGTON & BURLING LLP**
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
mimbroscio@cov.com
kkelly@cov.com
gcunningham@cov.com
lsmith@cov.com

Kurt G. Calia (*admitted pro hac vice*)
**COVINGTON & BURLING LLP**
3000 EL Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
(650) 632-4700
kcalia@cov.com

***Attorneys for Plaintiff***
***NOVO NORDISK INC.***

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | | |
|---|---|---|
| NOVO NORDISK INC.<br>*Plaintiff*<br>v.<br><br>LINK PHARMACY LLC<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25-cv-02061-E |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: OpenLoop Health, Inc., 1209 Orange St., Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

[**X**] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached).

| | |
|---|---|
| Place: McCarter & English LLP, 405 N. King St., 8th floor, Wilmington, DE 19801. Electronic production to kcalia@cov.com is preferred. | Date and Time:<br>June 15, 2026, 5:00pm |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/1/2026

*CLERK OF COURT*

OR

/s/ *Kurt Calia*

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Plaintiff Novo Nordisk Inc., who issues or requests this subpoena is Kurt Calia, Covington & Burling LLP, 3000 EL Camino Real 5 Palo Alto Square, 10th Floor, Palo Alto, CA 94306-2112, (650) 632-4700, kcalia@cov.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:25-cv-02061-E

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

[ ] I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ____________ ; or

[ ] I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A TO SUBPOENA TO OPENLOOP HEALTH INC.

## DEFINITIONS

1. The terms "all" and "any," whenever used separately, shall be construed as "any and all."

2. Unless otherwise indicated, "Novo" or "Plaintiff" means the Plaintiff in this action, Novo Nordisk Inc., including its predecessors, agents, employees, representatives, contractors, assigns, subsidiaries, and parents.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

4. "Communication(s)" means any transfer of information, ideas, opinions, or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file and other writings reflecting communications.

5. "Document(s)" means any written, printed, typed or other visual or oral matter of any kind or nature, whether sent or received, including, without limitation, all memoranda, reports, notes, transcripts, letters, envelopes, telegrams, cables, telexes, telephone bills, messages, work papers, diaries, desk calendars, appointment books, brochures, drafts, minutes or transcriptions of meetings and other communications of every type, videos and all audio-visual or sound recordings, magnetic tapes, video tapes, digital files, or other material on which information can be stored or obtained. The term "Document(s)" shall also include copies of any such documents upon which appears any notation, handwriting, or other additions not on the original. The term "Document(s)"

includes all documents in Your care, custody, possession or control, and all documents made available to You, whether or not such documents are in your custody or possession. The term "Document(s)" includes all types of electronically stored information ("ESI"), including emails, voicemails, and text messages.

6. The term "including" shall always be construed to mean "including, but not limited to," or "including, without limitation."

7. The term "relating to" means in any way, directly or indirectly, alluding to, amending, assisting with, canceling, commenting upon, comprising, concerning, confirming, considering, constituting, contradicting, describing, discussing, endorsing, evidencing, identifying, incorporating, mentioning, modifying, pertaining to, qualifying, referring to, regarding, relevant to, representing, revoking, setting forth, showing, suggesting, supplementing, supporting, terminating, underlying, or otherwise involving the subject matter of the specified request.

8. Unless otherwise indicated, the term "You" or "Your" refers to OpenLoop Health, Inc., its affiliates, agents, employees, independent contractors, representatives and anyone else acting on its behalf.

9. Unless otherwise indicated, "Link" or "Defendant" refers to defendant Link Pharmacy LLC, its affiliates, agents, employees, independent contractors, representatives, and anyone else acting on the defendant's behalf.

10. "Semaglutide Products" shall mean any product or products compounded, created, marketed or sold where the active pharmaceutical ingredients purport to include semaglutide, including every dosage strength thereof.

11. "Telehealth Company" or "Telehealth Platform" means any person or entity that provides, facilitates, or operates a platform for the provision of healthcare services, consultations, or prescriptions through electronic or remote means, including telemedicine services.

**INSTRUCTIONS**

1. These Requests for Production ("Requests") are directed to You and cover all documents in Your possession, custody, and control, including any such documents that are able to come in to Your possession through Your ability to request and receive them from any company that is affiliated with You.

2. You are to produce all responsive Documents in full, without abbreviation, expurgation, or redaction.

3. All Documents responsive to these Requests shall be produced in an orderly manner and with appropriate markings or other identification so that Novo Nordisk and its attorneys will be able to identify the source of the document and number of the Request(s) to which it responds, or as they are maintained by You in the usual course of business.

4. If You believe that any of the following Requests call for documents subject to any claim of privilege, respond and produce so much as is not objected to, state that part of each Request as to which you raise an objection and set forth the basis for your claim of privilege with respect to such documents you refuse to produce, including a statement identifying the nature of the documents withheld. Any materials withheld from discovery on the grounds of privilege must be set forth in a privilege log that expressly asserts the claim of privilege and describes the nature of the documents, communications, or tangible things not produced and describes the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable Novo or, if necessary, the Court,

to assess the claim of privilege. Such information should include all other recipients of the substance of the withheld document.

5. If You are unable to respond to any of the Requests fully and completely, after exercising due diligence to obtain the Documents necessary to provide a full and complete response, then so state and respond to each such Request to the fullest extent possible, specifying the extent of Your knowledge and Your inability to respond to the remainder, and setting forth whatever information or knowledge You may have concerning the unanswered portions thereof and efforts You made to obtain the requested Documents. If You have no Documents responsive to a Request, then so state.

6. If a document or thing is responsive to a Request but cannot be produced because it was lost, destroyed, or transferred outside of Your control, identify in the response the document or thing by author, date, and subject matter; the date and circumstances of its loss, destruction, or transfer; each person or entity to whom the document or thing was transferred; and its location.

7. If You object to any part of a Request, identify that portion to which You object and produce all Documents responsive to the remainder of the Request.

8. The obligations imposed by these Requests are continuing, and You are required to serve supplemental responses if You obtain or become aware of any different or additional Documents after the date of Your initial responses.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents reflecting Your corporate structure, including but not limited to: articles of incorporation, certificates of formation, operating agreements, bylaws, organizational charts, and any Documents identifying Your parent companies, subsidiaries, affiliates, members, partners, shareholders, or other ownership interests.

**REQUEST NO. 2:**

All Documents identifying or reflecting any ownership or equity interest held by any person or entity in You, including any changes in ownership, from January 1, 2021, to the present.

**REQUEST NO. 3:**

All Documents identifying Your officers, directors, managers, or other persons with authority to act on Your behalf from January 1, 2021, to the present.

**REQUEST NO. 4:**

All agreements, contracts, memoranda of understanding, or other written arrangements between You and any Telehealth Company or Telehealth Platform from January 1, 2021, to the present.

**REQUEST NO. 5:**

All agreements, contracts, memoranda of understanding, or other written arrangements between You and Link Pharmacy LLC or any affiliate or company holding the assets of Link Pharmacy LLC thereof, including any predecessor companies to Link Pharmacy LLC, from January 1, 2021, to the present.

**REQUEST NO. 6:**

All agreements, contracts, memoranda of understanding, or other written arrangements

between You and any compounding pharmacy concerning the prescribing, dispensing, or distribution of Semaglutide Products from January 1, 2021, to the present.

**REQUEST NO. 7:**

All Documents reflecting payments, compensation, fees, or other remuneration paid or received by You in connection with any agreement with a Telehealth Company, Telehealth Platform, or pharmacy from January 1, 2021, to the present.

**REQUEST NO. 8:**

All Documents identifying licensed prescribers who have written prescriptions through or in connection with Your platform or services that were filled by Link or any of Your affiliate companies from January 1, 2021, to the present.

**REQUEST NO. 9:**

All Documents sufficient to show the volume of prescriptions written through or in connection with Your platform or services that were filled by Link or any of Your affiliate companies, by month, from January 1 2021, to the present.

**REQUEST NO. 10:**

All Documents reflecting the process or procedures by which prescriptions are transmitted from prescribers using Your platform or services to pharmacies, including Link or any of Your affiliate companies.

**REQUEST NO. 11:**

All Documents reflecting any credentialing, verification, or oversight of licensed prescribers who use Your platform or services to issue prescriptions for Semaglutide Products.

**REQUEST NO. 12:**

All Documents concerning or referencing semaglutide, Ozempic, Wegovy, or Semaglutide

Products, including but not limited to marketing materials, promotional materials, Communications with prescribers, and Communications with pharmacies.

**REQUEST NO. 13:**

All Communications between You and Link or any of Your affiliate companies concerning semaglutide or Semaglutide Products from January 1, 2021, to the present.

**REQUEST NO. 14:**

All Communications between You and any Telehealth Company concerning Link, or any of Your affiliate companies, or any other compounding pharmacy from January 1, 2021, to the present.

**REQUEST NO. 15:**

All marketing or promotional materials used by You or any of Your affiliate companies to solicit business from Telehealth Companies, Telehealth Platforms, or pharmacies from January 1, 2021, to the present.

**REQUEST NO. 16:**

All documents reflecting any revenue, compensation or financial remuneration of any kind received by You, any of Your executives, and any of Your affiliate companies that was derived, in whole or in part, from sales of Semaglutide Products by Link or any of Your affiliate companies from January 1, 2021, to the present.

**REQUEST NO. 17:**

A copy of each of Your federal and state tax returns from January 1, 2021, to the present.